UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PANAGIOTA LORIDAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-11914-IT |
| | * | |
| COSTCO WHOLESALE CORPORATION, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

May 24, 2022

TALWANI, D.J.

On February 20, 2020, Plaintiff Panagiota Loridas filed this action in Waltham District

Court against Defendant Costco Wholesale Corporation ("Costco"), alleging that she slipped on

a wet bathroom floor and sustained injuries as a result of Costco's negligence. Costco removed

the action to this court, and the parties engaged in discovery. Now pending before the court is

Costco's Motion for Summary Judgment [Doc. No. 36]. For the following reasons, the motion is

GRANTED IN PART.

I.      **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

when "the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under

the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st

Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving

party. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id. at 314. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of [the] pleadings." Anderson, 477 U.S. at 256. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The non-moving party must demonstrate through "submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

## II.     Factual Background

The following facts are drawn from the summary judgment record and are construed in the light most favorable to Loridas.

### A.     *Loridas's July 2016 Fall*

On July 23, 2016, Loridas sought treatment at Mount Auburn Hospital after she fell down the stairs. 7/23/2016 Medical Records 2-3 [Doc. No. 38-5]. The medical notes report that Loridas was experiencing "severe aching pain in her right upper back," which worsened "with movement of the torso or right arm." Id. at 2. The notes regarding the exam of her right shoulder state that there was "no point tenderness over the shoulder" but that Loridas was experiencing tenderness "above the scapula." Id. at 3. In addition, Loridas had "limited range of motion diffusely secondary to pain in the scapular region." Id. Based on the exam, the medical provider concluded that Loridas "likely [had] sustained a contusion to the scapula." Id. Loridas was placed in a sling and was given instructions regarding "the importance of self range of motion exercises of the shoulder to prevent worsening stiffness or a frozen shoulder." Id. She was also advised to ice her shoulder regularly and to take Tylenol for the pain. Id. Due to continuing pain, she followed up with her primary care doctor and was referred for physical therapy for her shoulder. Geary Report 2 [Doc. No. 38-4].

### B.     *Loridas's March 2017 Slip and Fall at Costco*

On March 20, 2017, Loridas, her husband, and her son were customers at Costco's Waltham, Massachusetts location. Defendant's Statement of Undisputed Material Facts ("Def's SOF") ¶ 2 [Doc. No. 37]. Upon arriving at Costco, Loridas went to the bathroom, where she slipped and fell. Plaintiff's Statement of Disputed Material Facts (Pl's SOF") ¶¶ 2, 4 [Doc. No. 40]. Loridas hit the wall with her right shoulder as she was falling. Id. at ¶ 3.

After the fall, Loridas was able to get up and exit the bathroom. Def's SOF ¶ 6 [Doc. No. 37]. Because she was in a lot of pain, she flagged down a Costco employee, informed him that she had fallen, and requested that he notify her husband. Id. She filled out an incident report, which stated that she had "slipped on bathroom floor by the sink" and "hurt right arm and right leg." Member Incident Report [Doc. No. 41-1]. A Costco employee called an ambulance, and Loridas was transported to Mount Auburn Hospital. Def's SOF ¶ 7 [Doc. No. 37].

The medical notes from Mount Auburn Hospital state that Loridas was experiencing "severe pain in her right shoulder." 3/20/2017 Medical Records 2 [Doc. No. 41-6]. Based on the exam, Loridas was diagnosed with a likely contusion of her arm and shoulder. Id. at 3. Her arm was placed in a sling, and she was advised to ice her shoulder regularly, to take Tylenol to manage any pain, and to perform range of motion exercises to prevent worsening stiffness or a frozen shoulder. Id.

C.    *Loridas's Rotator Cuff Tear*

On May 30, 2017, Loridas underwent an MRI of her right shoulder. Geary Report 2 [Doc. No. 38-4]. The MRI showed "a large tear of the rotator cuff involving the supraspinatus, infraspinatus, and subscapularis tendons with retraction and moderate fatty atrophy." Id. Due to her symptoms, Loridas was referred for an orthopedic evaluation, and the orthopedic surgeon determined that she was indicated for right shoulder surgery. Id.

The surgery was performed on September 22, 2017, and "consisted of a right shoulder arthroscopy with repair of a massive rotator cuff tear, biceps tenodesis, subacromial decompression, and capsular release and manipulation under anesthesia." Id. After the surgery, Loridas was placed in a sling for six weeks and was referred to physical therapy. Id. at 2-3. She experienced a period of pain and inflammation during physical therapy and was treated with a

single cortisone injection. Id. She had her final follow-up with the orthopedic surgeon in early 2018. Id.

D.     *Costco's Medical Expert Report*

Costco retained Dr. Christopher Geary, a board-certified orthopedic surgeon, as its expert. Def's Expert Disclosures [Doc. No. 38-3]; Geary Report [Doc. No. 38-4]. Dr. Geary reviewed Loridas's medical records and diagnostic films, including pre-accident and post-accident records as well as records pertaining to the 2016 fall. Geary Report 2 [Doc. No. 38-4].

In reviewing the May 30, 2017 MRI of Loridas's right shoulder, Dr. Geary opined that "[t]he atrophy noted on this MRI [was] more than would be expected to develop in the timeframe between fall in March and the date of the MRI" and that it was "more consistent with a more chronic tear which would have been present prior to the fall in March 2017." Id. As a result, Dr. Geary concluded "that it [was] probable, to a degree of reasonable medical certainty, that [Loridas's] rotator cuff tear preceded her fall of March 2017 and may in fact have been caused by the fall of [July] 2016." Id. at 3. He added that "one [could not] say to a medical degree of certainty that the rotator cuff tear was caused by the March 2017 incident." Id.

Loridas will not be presenting any expert testimony concerning the causal relationship between her injuries and the March 2017 slip and fall. Def's SOF ¶¶ 12-13 [Doc. No. 37].

**III.    Discussion**

To recover on a claim of negligence under Massachusetts law, a plaintiff must establish by a preponderance of the evidence that she sustained an injury proximately caused by the defendant's breach of a duty of care. Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 357, 557 N.E.2d 1166 (1990). As to causation, the plaintiff must put forward evidence sufficient to establish a causal connection between her alleged injury and the defendant's negligence.

Expert testimony is generally required where an issue the jury must decide "is beyond the common knowledge or understanding of the lay juror." Commonwealth v. Sands, 424 Mass. 184, 186, 675 N.E.2d 370 (1997). In most cases, medical causation is such an issue. See Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 324-25, 698 N.E.2d 28 (1998) (our appellate courts and those in other jurisdictions have recognized the necessity for expert medical testimony on highly technical medical issues, such as injury causation"). "[W]here expert testimony is required under state law, the absence of such testimony mandates issuance of summary judgment against the party that failed to provide expert evidence. Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 57 (1st Cir. 2021).

There is an exception, however, where there exists an obvious causal relationship between the injury complained of and the alleged negligent act. See Lally, 45 Mass. App. Ct. at 325. An obvious causal relationship exists where the relationship between the injury and the negligent act is so readily apparent that a layman could diagnose the causal connection without relying on "conjecture, surmise or speculation." Id.; see also Ward v. Levy, 27 Mass. App. Ct. 1101, 1102, 534 N.E.2d 308 (1989) (expert testimony required where "a jury would not be sufficiently instructed by common knowledge or experience but would be left to conjecture").

In her Statement of Damages [Doc. No. 1-1], Loridas claims medical and ambulance expenses as well as damages for pain and suffering. To the extent that Loridas seeks to recover for her torn rotator cuff, expert testimony is required. In arguing that she need not present expert testimony regarding causation, Loridas relies on Pitts v. Wingate At Brighton, Inc., in which the Massachusetts Appeals Court concluded that expert testimony was not required to demonstrate causation where a nursing home resident fell and sustained right ankle fractures. 82 Mass. App. Ct. 285, 289, 972 N.E.2d 74 (2012). This case is distinguishable, though, because in Pitts,

immediately after the fall, "the plaintiff began pointing to her leg and complaining of pain there. She had made no such complaints prior to this time." Id. at 288. Here, while Loridas complained of pain immediately after her fall, she had also sustained a prior right shoulder injury, and Dr. Geary's unrebutted testimony is that based on the evidence of atrophy seen in the May 2017 MRI, Loridas's injury likely preceded her March 2017 fall at Costco. Given this evidence, a jury could not conclude, without speculating, that Loridas's rotator cuff tear was caused by Costco's alleged negligence. Nor has Loridas offered any evidence that her fall in Costco exacerbated an existing injury. In the absence of any expert testimony to establish that causation, summary judgment in Costco's favor is appropriate regarding recovery for the rotator cuff injury.

But to the extent that Loridas claims she experienced acute pain immediately after her fall for which she required an ambulance and urgent medical care, summary judgment is not appropriate. A reasonable jury could credit Loridas's testimony that she suffered pain as a result of her fall, and no specialized knowledge is needed to draw a causal connection between hitting the wall with one's shoulder—particularly on what appears to be a preexisting injury—and pain.

## IV.    Conclusion

For the foregoing reasons, Costco's Motion for Summary Judgment [Doc. No. 36] is GRANTED insofar as Loridas seeks recovery for her rotator cuff injury but is otherwise DENIED.

IT IS SO ORDERED

May 24, 2022                                             /s/ Indira Talwani
                                                        United States District Judge